**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD THOMPSON,** | ) | **CASE NO. 1: 16 CV 767** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **WARDEN ERDOS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Gerald Thompson, a state inmate at the Southern Ohio Correctional Facility, has filed a Petition under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus*. He contends he was convicted in 2002 in the Cuyahoga County Court of Common Pleas for Aggravated Murder, Abuse of a Corpse, and Domestic Violence, and he seeks "immediate release from prison." All of the grounds he asserts in his Petition, however, on their face pertain to the conditions of his confinement. He contends he is being subjected to cruel and unusual punishment because he is subjected to "ongoing campaigns of harassment by O.D.R.C. staff" as result of media coverage during his criminal trial (Ground One); "constantly sent to seg[regation] for made up charges" during which time his legal work and property is stolen from him (Ground Two); denied protective custody despite assaults and "use of force" against him by staff and other inmates (Ground Three);

and "denied adequate medical & mental health care" (Ground Four).

District courts must conduct an initial review of *habeas corpus* petitions.  *See* 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing §2254 Cases in the United States District Courts.

It is apparent from the face of the Petition that Petitioner is not entitled to relief.  *Habeas corpus* is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  To challenge the conditions of his confinement, a prisoner must file a civil rights action pursuant to 42 U.S.C. §1983.  *See Preiser*, 411 U.S. at 484; *Martin*, 391 F.3d at 714.

## Conclusion

Accordingly, Petitioner's motion to proceed in this matter *in forma pauperis* (Doc. Nos. 6, 7) is granted, but his *habeas* petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealabilty.  28 U.S.C. §2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  April 28, 2016

-2-